UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,                    CASE NO. 20-CR-80085-RKA

      **Plaintiff,**

vs.

**ROBERT DUNN,**

      **Defendant,**
_____/

## DEFENDANT ROBERT DUNN'S SENTENCING MEMORANDUM

**COMES NOW** the Defendant, **ROBERT DUNN** (hereinafter referred to as "Mr. Dunn"), by and through his undersigned counsel, and presents herewith, his Sentencing Memorandum, and states as follows:

## INTRODUCTION

At the start, it should be clear that Robert Dunn is fully aware of the severity of his criminal conduct and acknowledges that the offense to which he has entered his plea of guilty is of a very serious nature, and for this he is extremely remorseful. Further, Mr. Dunn realizes the impact his very poor decision to become involved in this criminal conduct will have upon his family and his future, and acknowledges and accepts that he is fully responsible for his criminal behavior and knows that he has nobody to blame but himself.

To cut-to-the-chase, the goal of this Sentencing Memorandum is to seek a sentence of three hundred (300) months (twenty-five (25) years), which is the greatest statutory minimum mandatory sentence for the offenses to which he has entered his plea of guilty.

The United States Supreme Court has stated that Federal sentencing demands that every convicted person be treated as an individual and "every case as a unique study in the human failings

that sometimes mitigate, sometimes magnify, the crime and punishment to ensue." *Gall v. United States*, 128 S.Ct. 586, 589 (2007).  It is the sincere hope that this Honorable Court will examine Mr. Dunn's "human failings" along with the other aspects of his life, and find that a sentence of three hundred (300) months is appropriate and will be sufficient, but not greater than necessary to achieve the sentencing goals set forth in Title 18 U.S.C. §3553.

## PROCEDURAL BACKGROUND

1.  On December 17, 2021, the defendant pled guilty to four counts of a five-count Indictment. Count One charged him with conspiracy to produce child pornography, in violation of 18 U.S.C. § 2251(a) and (e); Count Two charged him with production of child pornography, in violation of 18 U.S.C. § 2251(a) and (e); Count Four charged him with receipt of a visual depiction of a minor engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(2) and (b)(1); and Count Five charged him with possession of a visual depiction of a prepubescent minor or a minor who had not attained 12 years of age engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2).

2.  The Presentence Investigation Report provides at paragraph 114: "Guideline Provisions:  Based upon a total offense level of 39 and a criminal history category of II, the guideline imprisonment range is 292 to 365 months. However, the statutorily authorized minimum sentences are greater than the minimum of the applicable guideline range; therefore, the guideline range is 300 to 365 months, §5G1.2(b)." [D.E. 95]

Specifically, as noted in paragraph 113 of the Presentence Investigation Report, "[a]s to Count One of the Indictment, the minimum term of imprisonment is 15 years and the maximum term is 30 years, 18 U.S.C. § 2251(e).  As to Count Two, the minimum term of imprisonment is

2

25 years and the maximum term is 50 years, 18 U.S.C. § 2251(e). As to Count Four, the minimum term of imprisonment is five years and the maximum term is 20 year, 18 U.S.C. §2252(b)(1). As to Count Five, the maximum term of imprisonment is 20 years, 18 U.S.C. § 2252(b)(2). [D.E. 95]

    3.    The Defendant filed Objections to the Presentence Investigation Report, noting that the three (3) level reduction for acceptance of responsibility was omitted from the guidelines computation, and therefore the total offense level should read 36, rather than 39. Counsel acknowledges that this change will not affect the low-end of the guideline range as a result of application of the 300-month minimum mandatory sentence. [D.E. 103]

    4.    The sentencing hearing is presently scheduled for Friday, April 14, 2022, at 11:30 a.m. [D.E. 104]

    5.    The within Sentencing Memorandum is submitted in the utmost of good faith and in the interest of justice.

## THE HISTORY AND CHARACTERISTICS OF ROBERT DUNN THAT WARRANT CONSIDERATION

Title 18 U.S.C. §3553(a)(1) provides that the court in fashioning the appropriate sentence to be imposed, shall consider "*the nature and circumstances of the offense and the history and characteristics of the defendant*."

With regard to the history and characteristics of the Defendant, the Presentence Investigation Report prepared by the Probation Officer more than adequately sets out the family history and personal information of the Defendant. However, there are some points worthy of consideration at this juncture.

### *As a result of the Minimum Mandatory Sentence, Robert Dunn will lose the benefit of the three (3) level reduction for acceptance of responsibility*

In the event this Honorable Court deems it appropriate to sentence the Defendant to the 300-month minimum mandatory sentence, although that sentence would reflect the low-end of the guideline range, the analysis should not end there.

Specifically, as a result of the minimum mandatory sentence, Robert Dunn will essentially lose the benefit of the three (3) level reduction for acceptance of responsibility, explained as follows:

When one looks at the sentencing table, under a criminal history category II, 300-months would be slightly more than the low-end of an offense level of 39 (292-365 months). If the Defendant would have received the benefit of the three (3) level reduction for acceptance of responsibility, which he cannot do as a result of the minimum mandatory, that would place him in an offense level of 36, which under a criminal history category II results in a guideline range of 210-262. Therefore, the 300-month sentence is a very substantial increase over the guideline range which he would have otherwise been exposed to, to wit: 210-262 months.

Therefore, merely looking at 300-months as a "low-end" sentence is very misleading, since at that sentence he would have already lost the benefit of the reduction for acceptance.

### *Robert Dunn's Assistance to the Government as a Title 18 U.S.C. §3553(a) Factor*

From the onset of the search warrant through his arrest, Mr. Dunn offered his sincere cooperation to the Government and willingness to provide whatever assistance he could in a candid and truthful manner. As illustrated in Case 9:20-mj-08122-WM [D.E. 1] Criminal Complaint, ¶ 19, on March 10, 2020 while executing a search warrant, law enforcement officers told Mr. Dunn he was not under arrest, was free and could walk away. In response, Mr. Dunn voluntarily agreed

to speak with law enforcement officers where a recorded statement was taken despite Mr. Dunn being repeatedly told he was not under arrest, he was free to leave, and he did not have to talk to law-enforcement.

In the recorded statement, Mr. Dunn acknowledged with whom he was chatting, that he owned the "Dell" laptop law enforcement officers were going to search and took responsibility stating that he viewed, sent and received from "Wendy", through social media chat accounts child pornography. From the onset of the search warrant being executed on March 10, 2020, Dunn continued to be open and honest and admitted having download child pornography specifically using the Dell laptop law enforcement was going to search.

Furthermore, as set forth in *United States v. Tonya Bagley*, Case No. 20-CR-80069-DMM Criminal Complaint ¶ 7 [D.E. 1] during the search warrant and arrest of Mr. Dunn, he voluntarily provided the information to law-enforcement that formed the arrest and prosecution of Tonya Bagley. Indeed, Mr. Dunn advised law enforcement officers that he had been in communication with a female through social media who told him that her name was "Tonya" and lived in Colorado. Mr. Dunn voluntarily told law-enforcement that this "Tonya" produced an image of her abusing her six-year-old son and provided Mr. Dunn three such images of the child pornography which he viewed as they both used their respective Facebooks social media messaging applications.

It was because of this information, that the United States District Court for the Southern District of Florida obtained a search warrant under *United States v. Tonya Bagley*, Case No. 20-CR-80069-DMM for the search of Mr. Dunn's and Tonya Bagley's social media "Facebook" accounts. Indeed, the affidavit in support of search warrant incorporated the information provided by Mr. Dunn to acquire the contents of "Tonya" Facebook account.

Upon search, a series of messages from Tonya Bagley was discovered by law enforcement where she was writing to Mr. Dunn through the Facebook messenger telling Mr. Dunn that her youngest son would have an erection while viewing her private parts. She further told Mr. Dunn by writing that on one occasion her six-year-old son touched her face with his penis while she was sleeping. *See United States v. Tonya Bagley*, Case No. 20-CR-80069-DMM ¶¶ 6, 7, 9 14 [D.E. 1].

As a result of Mr. Dunn's information and cooperation with law enforcement, Tonya Bagley entered a guilty plea to 18 U.S.C. § 2251(a), Conspiracy to Commit Production of Child Pornography (Count I) and 18 U.S.C. § 2425, Use Interstate Facilities to Transmit Information about a Minor (Count II). *See United States v. Tonya Bagley*, Case No. 20-CR-80069-DMM [D.E. 65]. The Court sentenced "Tonya" to two hundred forty (240) months as follows: two hundred forty (240) months as to count one and sixty (60) months as to count two, to run concurrently. [D.E. 65]. There are other conditions upon Tonya Bagley's release she will have to fulfill amongst being a registered sex offender. [D.E. 65].

Although the Government will not be filing a motion for reduction of sentence pursuant to U.S.S.G., this Court may consider the Defendant's cooperation as bearing upon the *characteristics of the defendant.* Specifically, this Honorable Court may take the Defendant's cooperation into consideration when applying the Title 18 U.S.C. §3553(a)(1) factors with regard to the history and characteristics of the Defendant in accord with *United States v. Robinson*, 741 F.3d 588 (5th Cir. 2014).

The court in *United States v. Robinson,* 741 F.3d 588 (5th Cir. 2014) held that a sentencing court has the power to consider a defendant's cooperation under §3553(a), irrespective of whether the Government files a §5K1.1 motion and that a sentencing court's failure to recognize its

discretion to consider a defendant's cooperation under § 3553(a)(1) is a significant procedural error.

## **CONCLUSION**

It is respectfully submitted that there is a well-founded basis upon which this Court may sentence Robert Dunn to the 300-month minimum mandatory sentence inasmuch as that sentence will reflect the seriousness of the offense; promote respect for the law and provide just punishment for the offense.

Further, such a sentence would afford a more than adequate deterrence to any future criminal conduct of the Defendant and protect the public as well. In sum and substance, such a sentence would be in accord with the principles set forth in Title 18 U.S.C. § 3553, and would be sufficient, but not greater than necessary, to comply with the sentencing goals set forth in that section.

**WHEREFORE**, Defendant, **ROBERT DUNN**, respectfully prays that this Honorable Court impose the 300-month minimum mandatory sentence.

                                                  Respectfully submitted,

                                                  The O'Donnell Law Firm
8101 Biscayne Blvd
Suite 311
Miami, FL 33138
Tele: 305-573-1000
Fax: 305-573-9304
Email: info@odonnellfirm.com
       eod@odonnellfirm.com

***/s/ Edward J. O'Donnell, IV***
Edward J. O'Donnell, IV
(FL Bar No. 111661)

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 8th day of April, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that the foregoing document is being served on all counsel of record or pro se parties either *via* transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Edward J. O'Donnell, IV*
Edward J. O'Donnell, IV, Esq.